IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS and ANGELICA B. AMBROSE, as Administrative Manager, <br><br> Plaintiffs, <br><br> vs. <br><br> R&T SPECIALISTS, INC., a Wisconsin corporation, <br><br> TINA FREEMAN, an individual, <br><br> Defendants. | CIVIL ACTION <br><br> NO. <br><br> JUDGE |

**COMPLAINT**

The Plaintiffs, CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS and ANGELICA B. AMBROSE, Administrative Manager, by their attorneys, complaining of the Defendants, R&T SPECIALISTS, INC., a Wisconsin corporation, and TINA FREEMAN, an individual, allege as follows:

COUNT I
Against R&T Specialists, Inc.

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA and Plaintiff, ANGELICA B. AMBROSE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant, R&T Specialists, Inc., is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

  (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

  (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

  (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

  5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

  Defendant has failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon an audit of the Defendant's payroll records for the period October 2010 through December 2013.

  6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $11,000.00, known to be due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

  7. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(B) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II
### Breach of Promissory Note Against Tina Freeman

9. Plaintiffs state that federal jurisdiction over this claim is also proper as this claim is "so related" to the claim in Count I that it forms "part of the same case or controversy." 29 U.S.C. §1367.

10. On or about August 25, 2016, Defendant, Tina Freeman, entered into a Settlement Agreement and Promissory Note to pay Plaintiffs $11,000.00 in unpaid contributions, liquidated damages, audit costs, court costs and attorneys' fees. A true and correct copy of the Settlement Agreement and Promissory Note is attached hereto and incorporated herein by reference.

11. Under the terms of the Promissory Note, Defendant, Tina Freeman, was required to make monthly payments beginning July 30, 2016.

12. To date, Defendant, Tina Freeman, submitted the first payment of $2,000.00 and the second payment of $787.45. However, said payments were returned by her bank; one payment indicated NSF and the other payment was noted as a "stop payment." These payments have

not been replaced. Finally, Defendant, Tina Freeman, has not submitted the third payment of $787.45, which was due on October 1, 2016. Accordingly, Defendant, Tina Freeman, is in breach of the Promissory Note.

13. In light of Defendant, Tina Freeman's breach of the Promissory Note, Plaintiffs are entitled to recover the full amount due under the Settlement Agreement pursuant to the audits of Defendant's R&T Specialists, Inc.'s payroll books and records performed for the time period October 2010 through December 2013, plus interest and any court costs and attorneys' fees incurred.

WHEREFORE, Plaintiffs pray:

(A) That judgment be entered in favor of Plaintiffs and against Defendant, Tina Freeman, for the full amount due pursuant to the audits ($11,000.00), plus pre and post judgment interest;

(B) That judgment be entered in favor of Plaintiffs and against Defendant, Tina Freeman, for Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred;

(C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone:  (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com
I:\Hrccj\R&T Specialists\#25479\complaint.lmf.df.wpd