IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) CIVIL ACTION<br>) |
| vs. | ) NO. 16 C 9779<br>) |
| R&T SPECIALISTS, INC., a Wisconsin corporation, | ) JUDGE CHARLES P. KOCORAS<br>)<br>)<br>) |
| TINA FREEMAN, an individual, | )<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF THE CONSENT DECREE AND SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANTS**

NOW COME Plaintiffs, CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement entered into between the parties on April 20, 2017 and the Consent Decree entered by this Court on May 24, 2017. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Carpenters Fringe Benefit Funds of Illinois, alleging, *inter alia*, that Defendants breached their obligations under the terms of the collective bargaining agreement entered into with the Chicago Regional Council of Carpenters, and the Agreements and Declarations of Trust under which the Plaintiff Funds are

maintained. Specifically, Plaintiffs allege that Defendants failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On April 20, 2017, a Settlement Agreement incorporating the terms for settlement agreed to by the parties was executed (a copy of the Settlement Agreement is attached as Exhibit 1).

3. On May 24, 2017, this Court entered the Consent Decree and Agreed Order of Dismissal and dismissed this cause of action without prejudice and with leave to reinstate on or before May 20, 2020 (a copy of the Consent Decree entered May 24, 2017 is attached as Exhibit 2).

4. Defendants acknowledged that it owed the total amount of $15,629.66 for contributions, dues, liquidated damages, interest, audit fees, attorneys' fees and costs for the time period October 1, 2010 through December 31, 2013, as described in Paragraph 3 of the Settlement Agreement.

5. Defendants agreed to make payment to Plaintiffs of the amount specified in Paragraph 4, being $15,629.66, by way of the Payment Schedule attached to the Settlement Agreement.

6. Defendants first payment of $500.00 due under the Settlement Agreement was due on April 20, 2017. However, Plaintiffs agreed to allow Defendants to begin making its monthly installments beginning May 20, 2017.

7. In the event that Defendants failed to make the payments as set forth in Paragraph 2 of the Settlement Agreement, the Plaintiffs would give Defendants written notice of their default and allow Defendants a ten-day grace period from the date of service of written notice of the default to cure their default. If the Defendants failed to cure their default by making the required payment after

the ten-day grace period from the date of service of written notice of their default, the Plaintiffs may declare the entire unpaid balance and all accrued unpaid interest owed immediately due and payable without notice, demand or presentment. The Plaintiffs shall be obligated to give only one such ten-day grace period in any calendar year.

8. Defendants made five (5) installment payments of $500.00 each due from May 20, 2017 through September 20, 2017. Defendants have not submitted the sixth through eighth installments due on October 20, 2017, November 20, 2017 and December 20, 2017due pursuant to the terms of the Settlement Agreement.

9. On November 2, 2017, Plaintiffs' counsel sent a ten-day cure letter to Defendants' counsel regarding the failure of the Defendants to abide by the terms of the Settlement Agreement (a copy of the November 2, 2017 letter from Plaintiffs' counsel to Defendants' counsel is attached hereto as Exhibit 3). This was the second ten-day grace period letter in the 2017 calendar year.

10. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Consent Decree and Settlement Agreement and entering judgment against the Defendants. Specifically, Plaintiffs request:

    A. That judgment be entered in favor of Plaintiffs and against Defendants to include the amount of $15,200.64, being the total amount remaining due for contributions, dues, liquidated damages, interest, audit fees, attorneys' fees and costs for the time period October 1, 2010 through December 31, 2013.

    B. That judgment be entered in favor of Plaintiffs and against Defendants to include an additional $2,832.50 in attorneys' fees incurred by the Plaintiffs since March 3, 2017, including the preparation and presentment of the instant Motion to Reopen.

    C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone:  (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\Hrccj\R&T Specialists\#25479\motion to reopen and enter judgment.lmf.df.wpd

# CERTIFICATE OF SERVICE

   The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this <u>3rd</u> day of <u>January 2018</u>, she electronically filed the foregoing document (Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

        Todd A. Miller
        Kathleen M. Cahill
        Megan M. Moore
        Allocco Miller & Cahill, P.C.
        20 N. Wacker Drive, Suite 3517
        Chicago, IL 60606-2806
        tam@alloccomiller.com
        kmc@alloccomiller.com
        mmm@alloccomiller.com

               /s/ Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\Hrccj\R&T Specialists\#25479\motion to reopen and enter judgment.lmf.df.wpd